

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI
13SL-CC02322

RECEIVED
CIRCUIT COURT
OF
ST. LOUIS
COUNTY

2013 JUL -2 PM 4: 07

JOAN M. GILMER
CIRCUIT CLERK

**KIRBY S. AMOS**

Plaintiff,

v.

**ENCORE RECEIVABLE MANAGEMENT, INC.**

Serve at:
CT Corporation System
120 South Central Avenue
Clayton, Missouri 63105

Defendant.

Cause No.

Division

**JURY TRIAL DEMANDED**

## INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, Kirby S. Amos, and for her Class Action Petition states as follows:

### INTRODUCTION

1. This is an action for actual and punitive damages brought by an individual consumer on behalf of an intra-state class of similarly situated Missouri Consumers for Defendants' class-wide, systemic, and egregious violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq*.

2. Plaintiff demands, on her own behalf and also as class representative, a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) and venue is proper because the illicit collection activity was directed at Plaintiff in St. Louis County, Missouri.

1

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a foreign corporation with its principal place of business in Olathe, Kansas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

7. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

8. Defendant's collection activity consisted of collection letters and a live telephone conversation with Plaintiff.

9. On or about April 8, 2013, Defendant sent Plaintiff its initial collection letter.

10. Defendant's April 8 letter stated that the "Balance" was $572.00.

11. Defendant's letter made no mention of any interest that was accruing on Plaintiff's alleged debt.

12. Defendant failed to provide any safe harbor language indicating that the balance of the debt could change from balance shown on the April 8 letter due to interest charges.

13. As explained below, Defendant was in fact charging interest on debt.

14. Thus, Defendant's letter was confusing, misleading, and failed to accurately state the amount of the debt.

15. In early June 2013, Plaintiff called Defendant to learn more about its collection activity.

2

16. During the June 2013 telephone conversation, Defendant stated that the current balance of the alleged debt was $673.80.

17. Plaintiff was shocked by this figure. As of Defendant's two-month-old letter, Plaintiff's balance had been $100.00 less.

18. Plaintiff asked Defendant whether was charging interest on the alleged debt, and Defendant admitted doing so.

19. In fact, Defendant stated that it was charging a rate of 29.99 percent interest.

20. Upon information and belief, such an exorbitant rate of interest was not permitted by any agreement between Plaintiff and her creditor or otherwise authorized by law.

21. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

22. Plaintiff never agreed to waive or modify any right to participate in a class action suit with respect Defendant.

23. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety and worry.

24. Plaintiff will attempt to collect for these actual damages only in the event a class is not certified in this case.

25. Upon information and belief, it is Defendant's routine practice to engage in the above-described collection tactics in its letters and phone calls to consumers.

### CLASS ALLEGATIONS

26. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by failing to disclose in its collection letters the fact that interest is accruing on the debt referenced in the letter when that debt is in fact accruing interest.

27. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

3

    a. The "FDCPA letter interest disclosure class": all persons with a Missouri postal address owing a consumer debt that that Defendant was attempting to collect, where such a person, within one year prior to the filing date of this Petition, received a collection letter from Defendant that failed to disclose the underlying debt was accruing interest when it was in fact accruing interest.

28. Members of the class are so numerous that joinder is impracticable. Based on research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States and Missouri in particular.

29. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with thousands of consumers.

30. Plaintiff is a member of the class she seeks to represent.

31. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

32. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

33. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

4

34. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

35. The purposes of the FDCPA will be best effectuated by a class action.

36. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

37. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

38. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

39. Four common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant sent collection letters to the class; (4) whether those collection letters disclosed the existence of interest accruing on the debt where Defendant was actually charging such interest.

40. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

41. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

5

42. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

44. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

    a. Failing to properly state the amount of the debt. 15 U.S.C. § 1692e, g.

    b. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that this Court certify the proposed class, appoint Plaintiff class representative, appoint the undersigned as class counsel, and that judgment be entered against Defendant and in favor of Plaintiff and the class for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k);

    C. Actual damages only in the event the Court declines to certify the class; and

    D. For such other relief as the Court may deem just and proper.

VOYTAS & COMPANY

RICHARD A. VOYTAS, JR., #52046
NATHAN K. BADER, #64707
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:     (314) 667-3161